# UNITED STATES DISTRICT COURT
## for the EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | |
|---|---|
| **ROBERT GONZALEZ**<br><br>    **PLAINTIFF,**<br><br>v.<br><br>**RAJESH PAVITHRAN AND KELVIN BOON, LLC,**<br><br>    **DEFENDANTS.** | No. 1:18-CV-00341-TSE-IDE |

## JOINT CASE MANAGEMENT STATEMENT AND RULE 26(f) REPORT

Pursuant to Fed. R. Civ. P. ("Rule") 26(f), the parties met and conferred by telephone on Monday, July 16, 2018. Cameron Heaps Ippolito and Steven M. Oster attended on behalf of Plaintiff Robert Gonzalez and Matthew Indrisano participated on behalf of defendants Rajesh Pavithran and Kelvin Boone, LLC (the "Defendants"). The parties submit this Joint Case Management Statement and Rule 26(f) Report pursuant to the federal and local rules of this Court.

1. **JURISDICTION & SERVICE**

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the Plaintiff and Defendants are citizens of different states. All parties have been served.

2. **FACTS**

**Plaintiff's Allegations**: In approximately 2017, Plaintiff alleges Defendant Kelvin Boon, LLC (the "Company"), hired Plaintiff to perform certain services in connection with the Company's Initial Coin Offering ("ICO") in return for a payment of $700,000 (the

"Agreement"). The Company is a single member LLC owned by Defendant Rajesh Pavithran. Plaintiff alleges Pavithran fraudulently induced him to enter into the oral agreement. Plaintiff performed the Agreement between August 2017 and January 2018. Plaintiff did not receive any payment for his services. Plaintiff claims that he is entitled to damages, statutory penalties, and attorneys' fees for fraud, breach of contract, promissory estoppel, breach of the implied covenant of good faith and fair dealing, and *quantum meruit*.

**Defendants' Response**: Defendants deny any and all liability for the acts and/or omissions alleged by the Plaintiff.

## 3. LEGAL ISSUES

A. Whether Pavithran is liable for the acts/omissions of the Company because he personally participated in them and/or because he and the Company are alter egos of each other.

B. Whether the oral agreement is an enforceable contract.

C. Whether Pavithran fraudulently induced the Plaintiff to enter into the Agreement by promising payment that he knew the Company would not make.

D. Whether Defendants intended that Plaintiff rely on the promise to pay such that they should be estopped from denying the promise, since Plaintiff reasonably relied on the promise to his detriment by performing the tasks.

E. Whether Plaintiff conferred substantial benefits on Defendants, such that it would be inequitable and unjust for Defendants to retain said benefits without paying Plaintiff for them.

    F.    If Plaintiff prevails on some or all of his claims, whether he is entitled to reasonable attorneys' fees pursuant to Texas. Civ. & Rem. Code §§ 38.001(1), (2), or (8) since his claim is for rendered services, performed labor, and breach of an oral contract.

## 4. MOTIONS

Defendants filed motions to dismiss the Complaint and First Amended Complaint. Defendants' initial motion to dismiss was granted. Defendant Rajesh Pavithran's motion to dismiss the First Amended Complaint was denied. Both Plaintiff and Defendants anticipate filing motions for summary judgment after the close of discovery.

## 5. AMENDMENT OF PLEADINGS

Deadline for amendment of pleadings/adding new parties: September 30, 2018.

## 6. EVIDENCE PRESERVATION

The parties have discussed the scope of anticipated discovery, including discovery of electronically stored information ("ESI"). The parties have conferred pursuant to Rule 26(f) regarding reasonable and proportionate steps to preserve evidence relevant to the issues reasonably evident in this action. The Parties have discussed and anticipate agreeing on protocols for the production of ESI.

## 7. PRIVILEGE CLAIMS

The parties recognize that they may inadvertently disclose privileged material in the course of litigation. To mitigate the damage caused by the inadvertent production of privileged information, the parties agree to the following claw-back procedure:

a. If at any time the Disclosing Party discovers that it has disclosed Inadvertently Disclosed Information, it shall, as soon as practicable:

1. Notify all parties in writing of the inadvertent disclosure.
2. Identify all Inadvertently Disclosed Information.

b. Upon receiving the Disclosing Party's notice, the receiving party shall within five business days:

1. Return, destroy, sequester, or delete all copies of the Inadvertently Disclosed Information.
2. Take reasonable steps to retrieve the Inadvertently Disclosed Information if it was disseminated by the receiving party prior to such notification.
3. Provide a certification of counsel that all such information has been returned, destroyed, sequestered, or deleted.

c. Even if the receiving party objects (or intends to object) to the Disclosing Party's privilege or protection claim, it shall refrain from any further use, disclosure, or dissemination of the Inadvertently Disclosed Information in any way (including, but not limited to, using the information at depositions or trial) until the Court rules on the privileged or protected status of the Inadvertently Disclosed Information.

d. The Disclosing Party must preserve the Inadvertently Disclosed Information until either:

1. All receiving parties concede that it is privileged or protected.
2. The Court resolves any disputes as to whether the Inadvertently Disclosed Information is privileged or protected.

## 7. INITIAL DISCLOSURES

The parties have agreed to exchange initial disclosures pursuant to the requirements of Rule 26(a)(1) on or before July 27, 2018.

## 8. DISCOVERY

Neither side believes any changes to the discovery limits in Federal and Local Rules are necessary.

## 9. RELATED CASES

None.

## 10. CLASS ACTION

Not applicable.

## 11. COMPLEX CASE

Not applicable.

## 12. RELIEF

Plaintiff seeks the following relief from the Court:

    A.    For breach of contract, $700,000;

    B.    Alternatively, for promissory estoppel, $750,000;

    C.    Alternatively, for *quantum meruit* or unjust enrichment, $750,000;

    D.    An order enjoining Defendants to remove all references to Plaintiff and Plaintiff's company from public communications including Boon Tech's web site;

    E.    Attorneys' fees and litigation expenses;

    F.    Costs; and

    G.    Prejudgment interest at the statutory rate.

Defendant denies Plaintiff is entitled to any relief.

## 13. SETTLEMENT AND ADR

The parties request a settlement conference before Judge Davis upon completion of sufficient discovery to determine the relative strength of their respective cases.

## 14. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The parties have NOT consented to proceeding before a Magistrate Judge for all matters.

## 15. SCHEDULING

| | |
|---|---|
| Rule 26(a)(1) disclosures | July 27, 2018 |
| Fact Discovery Cut-off Date | November 16, 2018 |
| Dispositive Motions Deadline | December 4, 2018 |
| Notice Dispositive Motion Hearing | January 11, 2019 |
| Final Pretrial | February 14, 2019 |

## 16. TRIAL

Plaintiff has demanded a jury trial. The parties anticipate needing three trial days.

## 17. OTHER MATTERS

None.

*[Signatures appear on following page]*

July 17, 2018                                             Respectfully submitted,

**/s/ Cameron Heaps Ippolito**                **Warner Franklin Young III \***
Cameron Heaps Ippolito (VSB 35831)            Warner Franklin Young III
Steven M. Oster, *pro hac vice*               Matthew Carmen Indrisano
**Cogent Law Group**                          **Allred Bacon Halfhill & Young PC**
1875 K St. NW, Fourth Floor                   11350 Random Hills Rd
Washington, DC 20036                          Suite 700
Phone: (202) 641-5084                         Fairfax, VA 22030
Email: cameronipp@icloud.com                  Phone: (703) 352-1300
                                              Email: wyoung@abhylaw.com

*Attorneys for Plaintiff Robert Gonzalez*

*Attorneys for Defendants Rajesh Pavitrhan and Kelvin Boon, LLC*

\* Signed with permission.

## CASE MANAGEMENT ORDER

The above Joint Case Management Statement & Proposed Order is approved as the Case Management Order for this case and all parties shall comply with its provisions.

**IT IS SO ORDERED** this ___ day of July 2018.

_____
IVAN D. DAVIS
United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

I certify that I filed the attached Joint R26 Report using the Court's CM/ECF system and thereby served counsel of record.

July 17, 2018                                                **/s/ Cameron Heaps Ippolito**
                                                                                     Cameron Heaps Ippolito